JAMES HAMILTON *vs.* SHREDDED WHEAT SALES, INC., *et al.*

MAY 18, 1934.

PRESENT:   Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. This is an action in assumpsit brought by a physician to recover for services rendered in treating a boy for injuries caused by a truck operated by defendant Deering as agent of the other defendant, Shredded Wheat Sales, Inc. The case is before us on plaintiff's exception to a ruling granting defendants' motion for a nonsuit.

In the above-entitled action we note that the name of the plaintiff appears as "Dr. James Hamilton." The designation "Dr." is a title and is no part of the name of the plaintiff. It is therefore improper pleading so to designate the plaintiff.

At the time of the accident a Mr. Kessler, a salesman employed by Deering for his principal, was riding with Deering in the truck. The boy was carried into the plaintiff's office by Kessler. Deering arrived soon after and learned from the plaintiff that the boy had a dislocated thumb and a fractured leg. The plaintiff announced that it would be necessary to send the boy to a hospital. After he had rendered first aid, he took the boy to St. Joseph's Hospital where he remained under the plaintiff's care for two months and twenty-two days. At the plaintiff's request the boy was also treated by Dr. Horan, an orthopedic specialist. On his own credit the plaintiff arranged with the hospital for its services and obtained the services of Dr. Horan. Deering went to the hospital with the boy in the plaintiff's car and apparently knew what was being done.

The plaintiff testified that Deering directed him to give the boy all possible care and told him that the Shredded Wheat Sales, Inc., hereinafter called the corporation, would be responsible for the expense. Deering in his deposition said that immediately after the accident he made a report of it to the corporation; that he told the officials the boy was being treated by a doctor, whose name and address he gave; that at frequent intervals he obtained information

about the boy's condition from Dr. Hamilton or the hospital and kept the corporation informed every week of the progress of the case, and that officials of the corporation made efforts to learn all the details of the case.

It appears that, about two weeks after the accident and the engaging of plaintiff by Deering, a Mr. Gale, assistant divisional sales manager of the corporation, came from Boston to Providence to see Deering concerning the accident. As a result of a telephone conversation between Deering and plaintiff, the latter—according to his testimony—made special arrangements with the superintendent of the hospital for Deering and Mr. Gale to see the boy. The two men then visited the boy at the hospital. Deering further testified that he told Mr. Gale—or Mr. Gale had knowledge —that plaintiff was rendering his services in the case at the instance of Deering or Kessler.

It is well established that for the purposes of a motion for a nonsuit or a direction of a verdict for defendant, the plaintiff's testimony must be taken as true and he is entitled to every inference of fact which can reasonably be drawn from the testimony which is favorable to him. *Hamblin* v. *Newark Fire Ins. Co.*, 48 R. I. 473; *Mortinezi* v. *Societa* etc., 144 Atl. (R. I.) 672.

In view of the above testimony as to reports made to the defendant corporation and the interest it evinced in the boy's condition, it would be natural to expect that some inquiry would have been made by the officials of the corporation to ascertain whose credit had been pledged for the care and treatment of the boy. However, it is clear that when Mr. Gale was in Providence investigating the case he knew that plaintiff was rendering his services at the request of Deering or Kessler. It would have been somewhat unreasonable for the officials of the corporation to assume that either of these employees expected to pay for the treatment and care which one or both of them had ordered.

As the corporation had knowledge at said time that its agents had contracted for treatment and services to a child

injured by the corporation's truck, we think the corporation was put upon its inquiry. If such inquiry had been made, the facts would have been learned. The officials, by closing their eyes to available information, are charged with the knowledge which it was their duty to ascertain. Had it been their desire not to be bound, the services and treatment could and should have been ordered discontinued.

In *Screw Machine Products Corp.* v. *Cutter & Wood*, 44 R. I. at 414, we stated as follows: "If knowledge came to the principal that the agent had exceeded his authority and the principal was unwilling to be bound by the act of the agent, it was the duty of the principal to promptly bring the facts to the attention of the plaintiff. If the defendant knew that the plaintiff, believing that defendant's agent had authority, entered into an agreement with said agent and the defendant knew that the plaintiff was relying upon said agreement and the defendant remained silent as to the lack of authority in the agent, the defendant is bound by his own conduct in remaining silent. It is a familiar maxim that he who refuses to speak when he should will not be permitted to speak when he would." See also *Ward* v. *Samuels & Bros., Inc.*, 37 R. I. 438.

It is our opinion that from the uncontradicted evidence for the plaintiff the jury might reasonably have found that the defendant corporation knew or had strong reason to believe that plaintiff was rendering services and charging the same in good faith to that defendant. It follows that the ruling nonsuiting the plaintiff was erroneous.

In the defendants' brief appears the following statement: "It should perhaps be explained that although this action was brought against both Shredded Wheat Sales, Inc. and Mr. Deering, the real purpose of plaintiff's evidence was to fix liability upon this defendant, and Mr. Deering's possible liability was not directly considered at the trial in the Superior Court by anyone. The motion for a nonsuit was intended to be made and granted only as to this defendant,

and it is only the evidence as to this defendant's liability which this court is now called upon to consider."

The plaintiff's exception is sustained and the case is remitted to the Superior Court for a new trial.

*Francis I. McCanna, Edward M. McEntee; Lee & Mc-Canna,* for plaintiff.

*Moss, Haslam & Arnold, W. Vincent Sumpter, Harry A. Tuell,* for defendant.